THE GRAHAM COMPANY, a Corporation, Appellant, v. HORACE G. RUSSELL, Respondent.

(215 N. W. 146.)

**Deeds — mortgages — deed may be shown to be mortgage — judgment supported by evidence.**

A deed absolute on its face may be shown to be a mortgage, but the evi-

Annotation.— (1) As to admissibility of parol evidence that a written instrument which on its face imports a complete transfer of a legal or equitable estate or interest in property was intended to operate as a mortgage or pledge, see annotation in L.R.A.1916B, 18; 19 R. C. L. 244; 3 R. C. L. Supp. 925; 5 R. C. L. Supp. 1030.

dence must be clear and satisfactory, and a judgment holding that an instrument purporting to be a deed is in fact a deed, will not be disturbed in the absence of clear and satisfactory proof to the contrary.

Opinion filed August 20, 1927.

Appeal and Error, 4 C. J. § 2855 p. 883 n. 33.   Mortgages, 41 C. J. § 64 p. 310 n. 64; § 124 p. 357 n. 72; § 128 p. 362 n. 2.

Appeal from the District Court of Cass County, *Cole*, J.
Affirmed.

*Divet, Shure, Holt, Frame, Murphy, & Thorp* and *F. A. Leonard,* for appellant.

The burden is upon the grantor in the deed to establish that the instrument is a mortgage by evidence which is "clear, satisfactory and convincing." As illustrating this rule, see Jasper v. Hazen, 4 N. D. 1; McQuin v. Lee, 10 N. D. 160.

The test of usury is: "Will the contract, if performed, result in producing to the lender a rate of interest greater than is allowed by law? and was that result intended?" Gold-Stabeck Loan Co. v. Kinney, 33 N. D. 496.

*Wood & Breaw,* for respondent.

The supreme court will not try cases de novo where tried by court without a jury when properly triable to a jury. Hartung v. Manning (N. D.) 196 N. W. 554; Baird v. National Surety Co. (N. D.) 209 N. W. 204.

In an action wherein there arise both equitable and legal issues, and a determination of the equitable issues does not necessarily determine the legal issues, and the equitable and legal issues are tried together by the court, a trial de novo on appeal cannot be had. Cotton v. Butterfield, 14 N. D. 465, 105 N. W. 236; Laffy v. Gordon, 15 N. D. 282, 107 N. W. 969; Hart v. Wyndmere, 21 N. D. 383, 131 N. W. 271.

The rule thus laid down is: "Hence courts have, with great uniformity, in this class of cases, required the proof that should destroy the recitals in a solemn instrument to be clear, satisfactory, and specific, and of such a character as to leave in the mind of the chancellor no hesitation or substantial doubt." Jasper v. Hazen, 4 N. D. 1, 23

L.R.A. 58, 58 N. W. 454; Larson v. Dutiel (S. D.) 85 N. W. 1008; McQuin v. Lee, 10 N. D. 160.

The penalty imposed by statute of twice the amount of interest collected is recoverable only in a separate action therefor and is in no wise connected with an action upon an alleged usurious contract, neither can it be used as an offset or counterclaim thereto. Lindburg v. Burton, 41 N. D. 587, 171 N. W. 616.

BURKE, J. The plaintiff, the Graham Company, prior to the 23d day of February, 1923, was the owner of lot "A" outlot of Eddy and Fuller's outlots to the city of Fargo, North Dakota. The Graham Company mortgaged the said property to the Interior Lumber Company of Fargo, which company purchased a number of judgments and liens upon the property which had been foreclosed, and one of which had ripened into a sheriff's deed, on the 23d day of February 1923; and on that date said lumber company had $8,200 invested in said property, and held the legal title thereto. There were at said time, other mortgages, and liens, against said property, one for $2,200, one for $240, one for $1,200, and one for $131.40.

On February 24, 1923, the Interior Lumber Company by warranty deed, conveyed the said property to the defendant, Horace G. Russell, who at said time paid as a consideration to the Interior Lumber Company the sum of $8,200, and assumed the other mortgages not then due, amounting to $3,771.40. On the same date the defendant, Russell, agreed to sell to the plaintiff, the Graham Company, the said property by the terms of a written contract for the sum of $12,600, $500 payable quarterly, the possession of said property being retained by Russell, and the rents and profits therefrom were to be by Russell collected and credited on the contract as additional payments on the purchase price, and to receive 5 per cent commission from the gross rents and profits for his service in looking after, and managing the property, the whole purchase price to be paid on or before March 15th, 1926.

In October, 1923, the Graham Company also became indebted to the defendant in an additional sum of $520, for rent upon other property in the city of Fargo, and as security for the payment thereof, the said contract for a deed was assigned by the Graham Company to the defendant, Russell.

The plaintiff, the Graham Company, claims that the warranty deed from the Interior Lumber Company to the defendant, Russell, is a mortgage, and prays to have the same declared a mortgage, and for an accounting between the plaintiff and defendant, and alleges that it is ready to pay whatever may be justly due to the defendant Russell. In reply to defendant's answer, plaintiff alleges that he does not know how much is due defendant. During the trial the plaintiff was granted leave to amend his reply, and in which amended reply it is alleged, that the money advanced by the defendant, Russell, included a $1,000 in excess of the actual money loaned by said Russell, and prays that the said contract be held usurious, and that the defendant, Russell, forfeit all interest due, and be required to pay to said plaintiff double the amount of usurious interest collected by said Russell from the said Graham Company.

The trial court found as facts, that the Interior Lumber Company was the owner in fee of the property in question on the 24th day of February, 1923, that the instrument executed on that day by the Interior Lumber Company to the defendant, Russell, which purports to be a warranty deed was in fact a warranty deed, and not a mortgage, that on said date, Horace G. Russell executed and delivered a contract for a deed to the plaintiff, the Graham Company whereby he agreed to sell the said property to the Graham Company for $12,600, payable in quarterly installments of $500, the whole sum to be paid on or before March 15, 1926, that the said Horace G. Russell, thereafter paid off all the incumbrances and has been at all times ready, able, and willing to conform to the terms of his contract and tendered to the court a deed to said property, free and clear of incumbrances, that the plaintiff the Graham Company has defaulted in the terms and conditions of the contract and has made no payments on the purchase price as specified or upon the collateral indebtedness of $520, except, from the net profits from the rentals collected by the defendant and applied on the purchase price, and further that there is due to the defendant, Russell, the sum of $12,709.88.

As conclusions of law the court found that the contract for the deed was a bona fide sale, and not a mortgage, that there is a default in the conditions of the contract by the Graham Company in that it has failed to make the payments thereunder, including the payments of interest,

principal and taxes as therein provided, and that the defendant, Russell, is entitled to judgment foreclosing, the contract for a deed in which judgment it is provided that the plaintiff, the Graham Co. have a reasonable time within which to pay the amount due under said contract, which time was fixed at six months.

There is just one question in this case, and that is a question of fact, viz., was the instrument executed by the Interior Lumber Company to the defendant, Russell, a deed or a mortgage?

It is the contention of the plaintiff, that the Interior Lumber Company held the legal title to the property only as collateral security, and the deed from the lumber company to Russell is a mortgage. If Russell purchased the property from the Interior Lumber Company, and then sold it to the Graham Company there can then, be no question of usury. All that is necessary to do is to figure the amount due on the contract. The instrument purports to be a deed, a warranty deed in which the defendant Russell binds himself to pay other mortgages amounting to $3,771.40. If Russell was only making a loan it does not look reasonable that he would agree to pay the other mortgages not then due. On April 5, 1926, Graham wrote to Russell saying, "I received your letters about balance due on property." He does not say the balance due on the mortgage but the balance due on the property, and the record shows he is referring to the property in question. On February 26, 1923, Graham wrote to Russell enclosing a statement "To whom it may concern; this will advise that Mr. H. G. Russell has purchased the above property, and will collect the rents, accruing from this date." All of the written evidence supports the contention of the defendant that the instrument is a deed. It is also supported by the testimony of Russell, and there is a direct conflict between Russell and Graham on the question of deed, or mortgage, purchase or loan, and whether they treated the instrument as a deed or mortgage. It is well settled that a deed absolute on its face may be shown to be a mortgage, but the evidence must be clear and satisfactory, and it is far from being either clear or satisfactory in the case at bar, and the judgment is affirmed.

BIRDZELL, Ch. J., and BURR, CHRISTIANSON, and NUESSLE, JJ., concur.